IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CALVIN McCOY, JULIUS GREEN,     *
DONALD L. FERRELL, DENISE M.    *
HARRIS, DAVID McDANEL, BARRY W. *
LOVE, GREGORY PILGER, LAWRENCE  *
A. ROGERS, WYATT M. WILLIAMS,   *
and CHARLES EBERHART,           *
                                *
     Plaintiffs,                *
                                *
v.                              *     CIVIL ACTION NO.
                                *
CRITEREOM, LLC, SCOTT SCHULZ,   *
and THOMAS D. CLINE,            *
                                *     **JURY TRIAL DEMAND**
     Defendants.                *

**COMPLAINT**

Comes now, the above-named Plaintiffs, and files their Complaint against the above-named Defendants on the following grounds:

**INTRODUCTION**

1.

This is an action brought pursuant to the Fair Labor Standards Act (hereinafter referred to as the "FLSA"), codified at 29 U.S.C. § 201 *et seq.*, for violations of overtime and wage and hour laws. In addition, this is an action under Georgia law for breach of contract, or, in the alternative, quantum meruit, and for litigation expenses and attorneys' fees, pursuant to O.C.G.A. § 13-6-11.

**JURISDICTION**

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

3.

The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the Plaintiffs' Georgia state law claims.

4.

Defendants are an "employer" in an industry affecting commerce as defined by 29 U.S.C. § 203(d).

5.

Defendant Scott Schulz, ("Schulz") is a "person acting directly or indirectly in the interest of an employer" as defined by 29 U.S.C. § 203(d).

6.

Defendant Thomas D. Cline, ("Cline") is a "person acting directly or indirectly in the interest of an employer" as defined by 29 U.S.C. § 203(d).

7.

Defendants are an "enterprise" engaged in commerce or the production of goods for commerce as defined by 29 U.S.C. § 203(s).

8.

Plaintiffs are each an "employee" as defined by 29 U.S.C. § 203(e).

9.

Defendants are subject to the wage and hour and overtime provisions under the FLSA.

10.

Defendant Critereom, LLC ("Critereom") is a Michigan limited liability company doing business within the State of Georgia, maintaining its registered agent, Incorporating Services, Ltd., 900 Old Roswell Lakes Parkway, Suite 310, Fulton County, Roswell, Georgia 30076.

11.

This Court has personal jurisdiction over Defendant Critereom.

12.

Defendant Schulz is a Member and owner of Defendant Critereom.

13.

Defendant Schulz has and is engaged in acts, omissions, transactions, contracts, tortious conduct, and/or has otherwise maintained other sufficient contacts in the State of Georgia giving rise to personal jurisdiction over him, pursuant to O.C.G.A. § 9-10-91.

14.

This Court has personal jurisdiction over Defendant Schulz.

15.

Defendant Cline is a Member and owner of Defendant Critereom.

16.

Defendant Cline has and is engaged in acts, omissions, transactions, contracts, tortious conduct, and/or has otherwise maintained other sufficient contacts in the State of Georgia giving rise to personal jurisdiction over him, pursuant to O.C.G.A. § 9-10-91.

17.

This Court has personal jurisdiction over Defendant Cline.

**VENUE**

18.

Defendant Critereom's registered agent resides within the Atlanta Division of the Northern District of Georgia as defined by 28 U.S.C. § 1391(c)(2).

-4-

19.

Defendants operate and/or operated their business within the Northern District of Georgia.

20.

All actions alleged herein occurred within the Atlanta Division of the Northern District of Georgia.

21.

Venue in the Atlanta Division of the Northern District of Georgia is proper for the Defendants under 28 U.S.C. § 1391(b) and (c).

**THE PARTIES**

22.

Plaintiff McCoy is a citizen of the United States who resides in Gwinnett County, Georgia.

23.

From December 1, 2014 through November 30, 2016, Plaintiff McCoy was employed by Defendants in the position of Flight Data Specialist, which was later changed to Basic Operations Specialist (collectively referred to as "Specialist").

24.

Plaintiff Ferrell is a citizen of the United States who resides in Cobb County, Georgia.

25.

From December 1, 2014 through November 30, 2016, Plaintiff Ferrell was employed by Defendants in the position of Specialist.

26.

Plaintiff Harris is a citizen of the United States who resides in Paulding County, Georgia.

27.

From December 1, 2014 through November 30, 2016, Plaintiff Harris was employed by Defendants in the position of Specialist.

28.

Plaintiff Green is a citizen of the United States who resides in Cobb County, Georgia.

29.

From December 1, 2014 through November 30, 2016, Plaintiff Green was employed by Defendants in the position of Specialist.

30.

Plaintiff Williams is a citizen of the United States who resides in Henry County, Georgia.

31.

From December 1, 2014 through November 30, 2016, Plaintiff Williams was employed by Defendants in the position of Specialist.

32.

Plaintiff Love is a citizen of the United States who resides in Bartow County, Georgia.

33.

From December 1, 2014 through November 30, 2016, Plaintiff Love was employed by Defendants in the position of Transient Alert Aircraft Servicer ("Servicer").

34.

Plaintiff Pilger is a citizen of the United States who resides in Cherokee County, Georgia.

35.

From December 1, 2014 through November 30, 2016, Plaintiff Pilger was employed by Defendants in the position of Servicer.

36.

Plaintiff Rogers is a citizen of the United States who resides in Cobb County, Georgia.

37.

From December 1, 2014 through November 30, 2016, Plaintiff Rogers was employed by Defendants in the position of Servicer.

38.

Plaintiff McDanel is a citizen of the United States who resides in Bartow County, Georgia.

39.

From December 1, 2014 through November 30, 2016, Plaintiff McDanel was employed by Defendants in the position of Servicer.

40.

Plaintiff Eberhart is a citizen of the United States who resides in Cobb County, Georgia.

41.

From December 1, 2014 through November 30, 2016, Plaintiff Eberhart was employed by Defendants in the position of Servicer.

42.

Defendants have been doing business within the State of Georgia and are subject to the jurisdiction of this Court.

43.

Defendant Critereom may be served with summons and process by service upon its registered agent, Incorporating Services, Ltd., 900 Old Roswell Lakes Parkway, Suite 310, Fulton County, Roswell, Georgia 30076, or upon its Managing Member, Scott Schulz, at 1653 Engman Lake Road, Skandia, Michigan 49885.

44.

Defendant Schulz may be served with summons and process by service upon him at 1653 Engman Lake Road, Skandia, Michigan 49885.

45.

Defendant Cline may be served with summons and process by service upon him at 7130 Heritage Village Plaza, Suite 201, Gainesville, Virginia 20155.

**FACTS**

46.

Defendants operate their government contract business in the United States of America, including the State of Georgia.

47.

From approximately December 1, 2014 through November 30, 2016, Defendants contracted with the Air Force Reserve Command to provide air field management services at Dobbins Air Reserve Base ("Dobbins").

48.

Defendant Schulz is a Member and owner of Defendant Critereom.

49.

Defendant Schulz maintains operational control of Defendant Critereom.

50.

Defendant Schulz controls, oversees, and directs the day-to-day operation of Defendant Critereom, including the terms and conditions of the Plaintiffs' employment.

-9-

51.

Defendant Schulz's operational control included establishing the compensation of employees, including the payment for the hours worked by the Plaintiffs.

52.

Defendant Schulz's operational control included establishing the Plaintiffs' work schedules.

53.

Defendant Schulz's operational control included, on occasion, travelling to Dobbins to oversee the Plaintiffs' work schedules and assignments.

54.

Defendant Cline is a Member and owner of Defendant Critereom.

55.

Defendant Cline maintains operational control of Defendant Critereom.

56.

Defendant Cline controls, oversees, and directs the day-to-day operation of Defendant Critereom, including the terms and conditions of the Plaintiffs' employment.

57.

Defendant Cline's operational control included establishing the compensation of employees, including the payment for the hours worked by the Plaintiffs.

58.

Defendant Cline's operational control included establishing the Plaintiffs' work schedules.

59.

Defendant Cline's operational control included, on occasion, travelling to Dobbins to oversee the Plaintiffs' work schedules and assignments.

60.

Dobbins required Defendants to ensure the airfield is staffed with a minimum of two qualified personnel for each position during hours the airfield is open.

61.

From approximately December 1, 2014 through November 30, 2016, the Plaintiffs worked for Defendants at an agreed upon hourly rate of pay for all hours worked.

62.

From approximately December 1, 2014 through November 30, 2016, the agreed upon hourly rate was memorialized in a written

offer letter by Defendants and written acceptance notification by each of the Plaintiffs.

63.

From approximately December 1, 2014 through November 30, 2016, Defendants scheduled two Specialists during the hours the Dobbins airfield was open.

64.

From approximately December 1, 2014 through November 30, 2016, Defendants scheduled two Servicers during the hours the Dobbins airfield was open.

65.

From approximately December 1, 2014 through November 30, 2016, because Dobbins required the airfield to be staffed with two Specialists during the hours the Dobbins airfield was open, the Specialist Plaintiffs were required to work through lunch.

66.

From approximately December 1, 2014 through November 30, 2016, because Dobbins required the airfield to be staffed with two Servicers during the hours the Dobbins airfield was open, the Servicer Plaintiffs were required to work through lunch.

67.

From approximately December 1, 2014 through November 30, 2016, for each day the Plaintiffs worked, the Plaintiffs were not paid for the lunch period.

68.

From approximately December 1, 2014 through November 30, 2016, when the Plaintiffs worked over forty (40) hours in a week, they were not paid for the lunch period and were not paid overtime.

69.

During the Plaintiffs' employment, the Plaintiffs advised Defendants that they were working through lunch and needed to be paid for the lunch period.

70.

During the Plaintiffs' employment, Defendants were aware that the Plaintiffs were working through lunch, but continued to deduct the lunch period from the Plaintiffs' hours worked.

71.

Throughout their employment, the Plaintiffs have worked during the lunch period, but have not been paid for their lunch period.

72.

Throughout their employment, the Plaintiffs have not been paid overtime wages for the hours that they worked in excess of forty (40) hours per week.

73.

The Plaintiffs' duties are not FLSA exempt duties.

74.

The Defendants have failed to comply with the FLSA and pay the Plaintiffs for all hours worked, despite fully knowing that their actions are in violation of the FLSA.

75.

The Defendants have failed to comply with the FLSA and pay the Plaintiffs overtime wages, despite fully knowing that their actions are in violation of the FLSA.

76.

Defendants' actions have been willful as defined in 29 U.S.C. § 255(a).

77.

Plaintiffs are due retroactive payments and liquidated damages for wages and overtime wages for hours worked beyond forty (40) hours per week.

**COUNT ONE:  FLSA FAILURE TO PAY FOR ALL HOURS WORKED**

78.

Plaintiffs incorporate herein paragraphs 1 through 77 of their Complaint.

79.

The Plaintiffs were not paid for the lunch period hour that they worked each day.

80.

The job duties performed by Plaintiffs are not exempt job duties under the overtime provisions of the FLSA.

81.

Defendants have failed to pay Plaintiffs the regular rate of pay for all hours worked, in violation of 29 U.S.C. § 206.

82.

Defendants' conduct entitles Plaintiffs to the amount of the hours they worked for which they have not been paid.

83.

Defendants have failed to comply with the FLSA, despite fully knowing that they are in violation of the FLSA.

84.

Defendants' actions have been willful as defined in 29 U.S.C. § 255(a).

**COUNT TWO:   FLSA FAILURE TO PAY OVERTIME WAGES**

85.

Plaintiffs incorporate herein paragraphs 1 through 84 of their Complaint.

86.

The job duties performed by Plaintiffs while employed with Defendants are not exempt job duties under the overtime provisions of the FLSA.

87.

Defendants have failed to pay Plaintiffs one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

88.

Defendants' conduct entitles Plaintiffs to the amount of their unpaid overtime compensation.

**COUNT THREE:   FLSA LIQUIDATED DAMAGES**

89.

Plaintiffs incorporate herein paragraphs 1 through 88 of their Complaint.

90.

Defendants' conduct is not grounded in good faith and on reasonable grounds, thereby entitling the Plaintiffs to liquidated damages pursuant to 29 U.S.C. § 260.

## COUNT FOUR:   BREACH OF CONTRACT

### 91.

Plaintiffs incorporate herein paragraphs 1 through 90 of their Complaint.

### 92.

Each Plaintiff worked hours for Defendant Critereom pursuant to their contract contained in their respective offer letter and acceptance of the offer letter.

### 93.

Each Plaintiff worked hours for Defendant Critereom pursuant to an oral or written agreement to work at an hourly rate for Defendant Critereom.

### 94.

Defendant Critereom violated the contract agreed to by Defendant Critereom with each Plaintiff by refusing to pay them for all hours worked.

### 95.

Defendant Critereom violated the contract agreed to by Defendant Critereom with each Plaintiff by refusing to pay them for overtime for hours worked in excess of forty (40) hours in a week.

**COUNT FIVE:  QUANTUM MERUIT**

96.

Plaintiffs incorporate herein paragraphs 1 through 95 of their Complaint.

97.

The Plaintiffs provided services for Defendants by working hours for Defendant as required by Defendants.

98.

The services provided by Plaintiffs were valuable to Defendants.

99.

Defendants accepted and benefited from the services provided by Plaintiffs on behalf of Defendants.

100.

Defendants' receipt of Plaintiffs' services without compensation would be unjust.

101.

Defendants promised to pay Plaintiffs the reasonable value for these services.

102.

Plaintiffs expected to be compensated for the services they provided Defendants.

103.

Plaintiffs are entitled to recover from Defendants the reasonable value of the services provided on behalf of Defendants.

**COUNT SIX:   COSTS AND ATTORNEYS' FEES**

104.

Plaintiffs incorporate herein paragraphs 1 through 103 of their Complaint.

105.

Defendants have refused to comply with the terms of the Plaintiffs' contract with Defendants.

106.

During their employment, the Plaintiffs advised Defendants that they needed to be paid for all hours worked.

107.

To date, Defendants have failed to pay the Plaintiffs the monies owed to them.

108.

Defendants have breached the agreement with each Plaintiff by failing to pay the Plaintiffs monies owed.

109.

As a result, the Plaintiffs have been forced to file this action.

110.

The actions of Defendants have been made in bad faith and have caused the Plaintiffs unnecessary trouble and expense, such as to authorize the imposition of an award of litigation expenses and attorneys' fees, pursuant to O.C.G.A. § 13-6-11.

**PRAYER FOR RELIEF**

111.

Wherefore, the Plaintiffs pray for a judgment as follows:

1. That the Court grant full back pay for unpaid hourly wages and overtime wages owed to the Plaintiffs;

2. That the Court grant Plaintiffs liquidated damages under the FLSA;

3. That the Court grant Plaintiffs pre-judgment interest;

4. That the Court find that Defendants willfully violated the FLSA so that a three (3) year limitation period applies to this case;

5. That the Court grant Plaintiffs expenses of litigation, including reasonable attorneys' fees, pursuant to the FLSA and/or O.C.G.A. § 13-6-11;

6.  That the Court grant Plaintiffs a jury trial;

7.  That the Court hold the Defendants jointly and severally

    liable;

8.  That the Court grant Plaintiffs all other relief the Court

    deems just and proper; and

9.  That the Court grant temporary, preliminary, and

    permanent injunctive relief prohibiting Defendants from

    engaging in further violations of the FLSA.

Respectfully submitted this 29th day of November 2017.

                                        **THE REDDY LAW FIRM, P.C.**

                                        s/K. Prabhaker Reddy
                                        K. PRABHAKER REDDY
                                        Attorney for Plaintiffs
                                        Georgia Bar No. 597320
                                        THE REDDY LAW FIRM, P.C.
                                        1325 Satellite Boulevard
                                        Suite 1506
                                        Suwanee, Georgia 30024
                                        Telephone: (678) 629-3246
                                        Facsimile: (678) 629-3247
                                        Email: kpr@reddylaw.net