IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| CALVIN MCCOY, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 1:17-cv-4815-TCB |
| CRITEREOM, LLC, et al., | ) ) ) | |
| Defendants. | ) ) | |

**JOINT MOTION AND MEMORANDUM SEEKING APPROVAL
OF THE PARTIES' SETTLEMENT AGREEMENT**

Plaintiffs and Defendants (collectively, "the Parties"), through counsel, hereby move that this Court approve their "Settlement Agreement and General Release" ("Settlement Agreement") and dismiss this lawsuit with prejudice. The reasons in support of this motion are as follows:

**I.      BACKGROUND**

In this lawsuit, Plaintiffs allege violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., ("FLSA"), in the form of unpaid regular and overtime wages. Plaintiffs contend they were not paid for meal periods that should have been treated as work time and, as a result, were not paid all amounts due for

regular work hours and overtime hours. Plaintiffs seek regular wages, overtime pay, liquidated damages, and costs and attorneys' fees. Plaintiffs also assert common law breach of contract and quantum meruit claims for wages allegedly due.

Defendants dispute Plaintiffs' claims and contend that Plaintiffs were properly paid for all hours worked and that none of Defendants are liable to any of Plaintiffs for any amounts. Defendants contend that, even if Plaintiffs were entitled to unpaid wages under the FLSA, they would not be entitled to liquidated damages. Defendants further contend that, even if there were FLSA violations, the violations were not willful and would not entitle Plaintiffs to the application of a three-year statute of limitations. Defendants assert that Plaintiffs' state law claims are preempted by federal labor law, among other grounds.

Therefore, the Parties dispute both liability and damages in this case. For this reason, the Parties have reached an agreement to resolve all of Plaintiffs' claims for unpaid wages, liquidated damages, and costs and attorneys' fees. The Parties now respectfully request that this Court approve the Settlement Agreement pertaining to Plaintiffs' FLSA claims.

## II.     CITATION OF AUTHORITY

### A.     Approval By The Court.

Pursuant to 29 U.S.C. § 216(b), the compromise of FLSA claims requires approval by the Court when payment is not made through the Department of Labor.  *See Lynn's Food Stores v. United States*, 679 F.2d 1350 (11th Cir. 1982) (private suit filed by employees requires that settlement be approved by Court).

Here, Plaintiffs contend they should have been paid for meal periods. Defendants dispute that claim.  Defendants further dispute Plaintiffs' alleged amount of unpaid time and Plaintiffs' calculations of the wages allegedly due.  Defendants have provided calculations of potentially available back wages based on an analysis of Plaintiffs' time records, if Plaintiffs' succeeded on their claim that the meal periods should have been paid.  Based upon an analysis of their respective calculations, the Parties have agreed upon a reasonable estimation of the amount that Plaintiffs might recover if they succeeded on their claims of liability.

Based on the estimation, Plaintiffs agree that the amounts being paid to them under the Settlement Agreement are fair and reasonable.  The Parties agree that these amounts are fair and reasonable because the amount, if any, owed to Plaintiffs would be difficult to prove at trial.  Defendants further contend that, even if liability were found, they acted in good faith and on reasonable grounds under 29 U.S.C. § 260.

Given the number of legal and factual issues involved in this case, there is substantial uncertainty as to whether Plaintiffs would recover any back wages or other amounts. Specifically, it is unclear (1) whether Plaintiffs are entitled to any back wages under the FLSA; (2) if so, the number of hours for which pay is due and the rates at which those hours should be paid; (3) if so, whether Plaintiffs would be entitled to an award of liquidated damages; and (4) if so, whether Defendants would be found to have acted willfully such that Plaintiffs could recover back pay for two years rather than one year (a third year not being available because Plaintiffs did not work for Defendants during that period). Thus, there is substantial uncertainty as to whether Plaintiffs would recover any compensation in this lawsuit.

For these reasons, the Parties have agreed that the amount contained in the Settlement Agreement is a "fair and reasonable" resolution of Plaintiffs' claims. The Parties have been represented by counsel throughout the negotiation of the Settlement Agreement and have reached the Settlement Agreement by considering the disputed issues and a desire to fully resolve all issues between them.

In addition, the Parties have reached the Settlement Agreement in the interest of judicial economy and the avoidance of the time and expense of lengthy litigation. The Settlement Agreement provides the Parties with a reasonable resolution and certainty.

### B.     Plaintiff's Attorneys' Fees Are Reasonable.

Under the FLSA, a prevailing party is entitled to attorneys' fees and costs. See 29 U.S.C. § 216(b).  Here, Plaintiff's counsel, The Reddy Law Firm, P.C., seeks to be paid for attorneys' fees and costs for the FLSA claims.  This amount has also been agreed to by Defendants.  The requested fee is reasonable taking into consideration the legal criteria for awarding attorneys' fees under fee shifting statutes.  See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Norman v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).

The Plaintiffs' contracts with their counsel provides, if the case is settled after filing the Lawsuit, for a contingency fee of 40% percent of the total gross amount, plus expenses.  The amount being paid to Plaintiffs' counsel pursuant to the Settlement Agreement is based upon the fee agreements.  Plaintiffs' counsel submits that, based on the number of hours he has expended in this case and based on his hourly rate that, this amount is approximately close to his actual attorneys' fees incurred in reviewing the file, preparing damage calculations, conferring with his clients, drafting the Complaint, amended Complaints, and other pleadings, preparing for and attending the mediation, and reviewing and drafting the settlement documents and pleadings.  Therefore, the amount of costs and attorneys' fees is reasonable.

## III. CONCLUSION

WHEREFORE, the Parties respectfully request the Court approve the Settlement Agreement and dismiss this Lawsuit with prejudice.

An appropriate Proposed Order is filed herewith.

Respectfully submitted this 27th day of April, 2018.

        THE REDDY LAW FIRM, P.C.
        s/K. Prabhaker Reddy
        K. Prabhaker Reddy
        *Counsel for Plaintiffs*
        Georgia Bar No. 597320
        Suite 1506
        1325 Satellite Boulevard
        Suwanee, GA 30024
        Telephone:  (678) 629-3246
        Facsimile:  (678) 629-3247
        Email:  kpr@reddylaw.net

        BAKER LAW PLC
        s/Mark E. Baker
        Mark E. Baker
        *Counsel for Defendants*
        11739 Bowman Green Drive
        Reston, VA 20190
        Telephone:  (703) 717-5497
        Facsimile:  (703) 373-2949
        Email:  mbaker@blplc.com

        EVANGELISTA WORLEY LLC
        s/David J. Worley
        David J. Worley
        *Counsel for Defendants*
        Georgia Bar No. 777665
        8100 A Roswell Road

–7–

        Suite 100
        Atlanta, GA 30350
        Telephone:  (404) 205-8400
        Facsimile:  (404) 205-8395
        Email:  david@ewlawllc.com